**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRILOKPATI, LLC,<br>Plaintiff,<br><br>v.<br><br>SHIFT4 PAYMENTS, LLC, *et al.*,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 5:26-cv-00963-JMG |
| SHIFT4 PAYMENTS, LLC,<br>Third-Party Plaintiff,<br><br>v.<br><br>CARD PAYMENT SOLUTIONS, LLC,<br>*et al.*,<br>Third-Party Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

**MEMORANDUM OPINION**

**GALLAGHER, J.** **November 16, 2026**

## I. OVERVIEW

Plaintiff Trilokpati, LLC filed its Amended Complaint Shift4 Payments, LLC ("Shift4") on July 6, 2026. ECF No. 34. Shift4 answered the Amended Complaint on July 20, 2026. ECF No. 39. On August 13, 2026, Shift4 filed its Amended Third-Party Complaint against Card Payment Solutions, LLC. ECF No. 56. Card Payment Solutions, LLC moved to dismiss the Amended Third-Party Complaint on August 14, 2026. ECF No. 60. On August 27, 2026, First Data Merchant Services, LLC moved to join Card Payment Solutions, LLC's motion to dismiss. ECF No. 67. This Court granted First Data Merchant Services, LLC's Motion for Joinder on August 28, 2026. ECF No. 68. Shift4 opposed the Third-Party Defendants' Motion to Dismiss (ECF No. 71) on September 4, 2026, and Card Payment Solutions, LLC filed its Reply in Support of its Motion to

Dismiss (ECF No. 77) on September 11, 2026, which First Data Merchant Services, LLC joined (ECF No. 75).

On October 20, 2026, this Court ordered supplemental briefing by Trilokpati, LLC and responses by Shift4, Card Payment Solutions, LLC, and First Data Merchant Services, LLC. ECF No. 84. Trilokpati, LLC filed its supplemental brief on October 26, 2026. ECF No. 86. Card Payment Solutions, LLC filed its response on November 2, 2026 (ECF No. 87), which First Data Merchant Services, LLC joined (ECF No. 89). On November 2, 2026, Shift4 also filed its response to Trilokpati's supplemental brief. ECF No. 88.

The Amended Third-Party Complaint (ECF No. 56) stems from the underlying Amended Complaint (ECF No. 34) brought by Trilokpati, LLC against Shift4 for Breach of Contract (Count I) and Negligence (Count II). Based on the underlying allegations against Shift4, Shift4 filed its Amended Third-Party Complaint (ECF No. 56) for Common Law Indemnification (Count I) and Contribution (Count II) against Card Payment Solutions, LLC and First Data Merchant Services, LLC, and Negligent Misrepresentation (Count III) against Third-Party Defendant Card Payment Solutions, LLC. Shift4 brought these claims pursuant to Fed. R. Civ. P. 14(a)(1).

The only complaint at issue in this motion to dismiss before the Court is the Amended Third-Party Complaint (ECF No. 56). Third-Party Defendants Card Payment Solutions, LLC and First Data Merchant Services, LLC argue: (1) Counts I and II should be dismissed because the underlying claims sound in contract under the gist of the action doctrine; (2) Shift4's claims are barred under the economic loss doctrine; and (3) the Common Law Indemnification claim should be dismissed because Shift4 has not pled facts sufficient to show the requisite relationship for indemnification. Finally, Card Payment Solutions, LLC argues that Count III should be dismissed

because Shift4 fails to allege facts sufficient to plausibly show the existence of any duties owed to support a claim for negligent misrepresentation. For the reasons stated below, all four arguments fail.

## II. BACKGROUND[1]

Shift4 provides credit card payment processing services to retail businesses (known as "merchants") such as Trilokpati, LLC. ECF No. 56 at ¶ 8. In addition to standard payment processing services, Shift4's offerings include point of sale systems, business intelligence analytics, fraud prevention, payments integration, and – as the case with Trilokpati, LLC – gateway-only services. *Id.* at ¶ 9. With full payment processing services, Sift4 processes the payments and often supplies the equipment a merchant uses to accept payments. *Id.* at ¶ 10. When a customer pays with a credit or debit card, an authorization request is sent to Shift4, which processes the transaction and submits it to the cardholder's bank. *Id.* More specifically, the merchant is supposed to regularly batch authorized transactions in order to submit them to Shift4 for processing. *Id.* Upon receipt, Shift4 relays the merchant's transaction data to be processed by the cardholder's banks, which in turn transfer funds to Shift4's sponsor bank, which then deposits the funds into the merchant's bank account. *Id.*

When a merchant uses Shift4's gateway-only services, Shift4 is not involved in the processing of payments. *Id.* at ¶ 11. This is because a merchant that selects gateway-only services from Shift4 would already have its own equipment and use a third-party payment processing company. *Id.* Under this arrangement, the merchant uses Shift4 only as the conduit (i.e., a "gateway") to transmit transaction data to be processed by a different company. *Id.*

[1] The Court accepts Plaintiff's factual allegations as true, as we must at this early stage.

Shift4, and other payment processors, may obtain business from merchants directly, or through Independent Sales Offices (commonly referred to as "ISOs"). *Id.* at ¶ 12. ISOs generate the leads, assist merchants with their applications to payment processors, and often provide continued support to merchants. *Id.* at ¶ 13.

In or about August 2019, Trilokpati, LLC became the owner and operator of a Quality Inn hotel. *Id.* at ¶ 14. The prior owner of this particular Quality Inn used Shift4's gateway-only services. *Id.* at ¶ 15. Plaintiff continued to use Shift4's gateway-only services and, on or about August 28, 2019, entered into a gateway services agreement with Shift4. *Id.* at ¶¶ 16-17. At all relevant times, Card Payment Solutions, LLC was the ISO working with Trilokpati, LLC. *Id.* at ¶ 18.

In or about August 2019, Card Payment Solutions, LLC, as Trilokpati, LLC's ISO, submitted an American Express VAR Sheet to Shift4 on behalf of Trilokpati, LLC. *Id.* at ¶ 19. The purpose of the VAR Sheet was to provide Shift4 with necessary information for Trilokpati, LLC's account, including information required to transmit Trilokpati, LLC's transaction data for processing. *Id.* at ¶ 20. Shift4 relied on Trilokpati, LLC and/or Card Payment Solutions, LLC to provide accurate information on the VAR Sheet and all other documentation provided to Shift4. *Id.* at ¶ 21. A critical piece of information on the VAR Sheet is the Service Establishment ("SE") Number, provided by American Express to a merchant upon request, that is required to set up processing with American Express. *Id.* at ¶¶ 22-23. Trilokpati, LLC and/or Card Payment Solutions, LLC negligently listed an inaccurate SE Number on the VAR Sheet provided to Shift4 and failed to confirm that the SE Number provided was the correct number. *Id.* at ¶¶ 24-25. Shift4 set up Trilokpati LLC's American Express account based on the information provided to it by Trilokpati, LLC and/or Card Payment Solutions, LLC. *Id.* at ¶ 27.

From approximately September 9, 2019 to February 12, 2023 (the "Relevant Period"), American Express transactions from Trilokpati LLC's customers were authorized but not settled and funded to Trilokpati, LLC's bank account. *Id.* at ¶ 28. Trilokpati, LLC's authorized American Express transactions were rejected by American Express because the SE Number was incorrect. *Id.* at ¶ 29. American Express would have sent reject reports to Trilokpati, LLC and/or First Data Services, LLC, Trilokpati, LLC's payment processor during the Relevant Period, when transactions were rejected. *Id.* at ¶¶ 30-31. As Trilokpati, LLC's payment processor, First Data Services, LLC received reject reports for Trilokpati, LLC's rejected transactions, had a duty to notify Trilokpati, LLC of rejected transactions, and failed to do so during the Relevant Period. *Id.* at ¶¶ 32-34.

Because Shift4 was acting as gateway-only, Shift4 did not receive any reject reports from American Express relating to Trilokpati, LLC and had no notice of Trilokpati, LLC's rejected American Express transactions until approximately March of 2023, when Trilokpati, LLC contacted Shift4 to advise of unfunded transactions going back to 2019. *Id.* at ¶¶ 35-36. Once notified by Trilokpati, LLC, Shift4 promptly coordinated with American Express to confirm the correct SE Number and the unfunded American Express transaction issue was resolved going forward. *Id.* at ¶ 37.

If Card Payment Solutions, LLC had confirmed the correct SE number in or about August 2019, Trilokpati, LLC's alleged damages for unfunded American Express transactions could have been avoided. *Id.* at ¶ 38. In addition, if First Data Services, LLC had notified Trilokpati, LLC of the transactions rejected by American Express, Trilokpati, LLC's alleged damages for unfunded American Express transactions could have been avoided entirely or reduced significantly. *Id.* at ¶ 39.

## III. LEGAL STANDARD

Third-Party Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "A motion to dismiss a third-party complaint is analyzed under the same standard as an ordinary Rule 12(b)(6) motion to dismiss." *Accredited Sur. & Cas. Co., Inc. v. Superior Solar Design, LLC*, No. CV 23-1865, 2024 WL 113759, at *1 (E.D. Pa. Jan. 10, 2024) (citing *Gap Properties, LLC v. Cairo*, 2021 WL 5757410, at *2 (D.N.J. Dec. 3, 2021)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV. ANALYSIS

### a. It is Improper to Apply the Gist of the Action Doctrine to an Underlying Complaint

Third-Party Defendants argue that Counts I and II for Common Law Indemnification and Contribution should be dismissed because the underlying claims against Shift4 sound in contract

and not tort. It is well settled that a third-party plaintiff can only obtain common law indemnification and contribution of underlying claims that sound in tort, not in contract. *See e.g., EQT Production Co. v. Terra Services*, 179 F. Supp. 3d 486, 493-94 (W.D. Pa. 2016); *Pansini v. Trane Co.*, 2018 WL 2129453, at *9-10 (E.D. Pa. May 9, 2018); *E. Elec. Corp. of N.J. v. Rumsey Elec. Co.*, 2010 WL 2788294, at *2 (E.D. Pa. July 14, 2010). Third-Party Defendants argue that applying the gist of the action doctrine results in the underlying claims by Trilokpati, LLC against Shift4 sounding in contract, not tort.

Third-Party Defendants cite this Court's recent decision in *Jaramenko v. Parkland Manor LLC* explaining that the gist of the action doctrine "bars claims where the alleged duties were created and grounded in the contract itself, or where the claim essentially duplicates a breach of contract or negligence claim." 2026 WL 2165226, at *9 (E.D. Pa. July 27, 2026). Third-Parties Defendants ask this Court to apply the gist of the action doctrine and to find that the underlying claims sound in contract. The underlying Amended Complaint is not before the Court at this time. While the gist of the action doctrine *may* apply to the underlying complaint against Shift4, the Court cannot consider the underlying complaint on a motion to dismiss a third-party complaint. In *Jaramenko* the gist of the action doctrine was applied to the complaint in front of the Court, not an underlying complaint. *See id.* at *9-10. Here, the Court must take the facts alleged in the Amended Third-Party Complaint as true. Since there is an underlying claim against Shift4 for negligence that is not before the Court on a motion to dismiss, it cannot be determined at this stage that Trilokpati's claims against Shift4 sound solely in contract, thus Shift4 has plausible claims for Contribution and Common Law Indemnification at this stage.

**b. The Economic Loss Doctrine Does Not Apply**

Third-Party Defendants further argue that Shift4's claims are barred under the economic loss doctrine. The "economic loss doctrine provides that no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Westport Ins. Corp. v. McGogney*, 2023 WL 5598972, at *12-13 (E.D. Pa. Aug 29, 2023) (citations omitted). However, "Pennsylvania has long recognized that purely economic losses are recoverable in a variety of tort actions" and the economic loss doctrine does not apply to negligent misrepresentation claims. *Bilt-Rite Contractors, Inc. v. Architectural Studio*, 581 Pa. 454, 483-84 (2005). Because the negligence claim is in the underlying complaint and not the complaint currently in front of the Court and the economic loss doctrine does not apply to negligent misrepresentation claims, no counts can be dismissed under the economic loss doctrine.

**c. Shift4 Pleaded Facts Sufficient to Sustain Claim for Common Law Indemnification**

Next, Third-Party Defendants argue that the Common Law Indemnification claim should be dismissed because Shift4 has not pled facts sufficient to show the requisite relationship for indemnification. Common law indemnity is an "equitable remedy that shifts the entire responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault." *City of Wilkes-Barre v. Kaminski Bros.*, 804 A.2d 89, 92 (Pa. Commw. Ct. 2002). One type of legal relationship that can give rise to common law indemnification is between parties along a chain of distribution. *See Pansini*, 2018 WL 2129453, at *18. It is not up to the Court to determine on a motion to dismiss whether a chain of distribution relationship exists, only whether it was adequately pleaded.

Shift4 argues that it was only an intermediary between Trilokpati, LLC on one hand, and Card Payment Solutions, LLC and First Data Merchant Services, LLC on the other, making it a

chain of distribution. ECF No. 71 at 9. In the Amended Third-Party Complaint, Shift4 alleges that Trilokpati, LLC continued to use Shift4's gateway-only services, which it took over from the prior owner of Trilokpati, LLC's Quality Inn Hotel, before entering into its own gateway services agreement with Shift4. *See* ECF 56 at ¶¶ 15-17. Shift4 further alleges that in or about August 2019, on behalf of Trilokpati, LLC, Card Payment Solutions, LLC submitted an American Express VAR Sheet to Shift4 to provide necessary information for Trilokpati LLC's account, including information required to transmit Trilokpati, LLC's transaction data for processing. *Id.* at ¶¶ 19-20. Shift4 alleges it relied on Trilokpati, LLC and/or Card Payment Solutions, LLC to provide accurate information on the VAR Sheet and all other documentation provided to Shift4; however, the Services Establishment "SE" Number was inaccurately listed. *Id.* at ¶¶ 21, 24. Shift4 alleges it set up Trilokpati, LLC's American Express account based on the information provided to it by Trilokpati, LLC and/or Card Payment Solutions, LLC. *Id.* at ¶ 27. Shift4 further pleaded that, as Trilokpati LLC's payment processor, First Data had a duty to notify Trilokpati, LLC of rejected transactions. *Id.* at ¶ 33. Finally, Shift4 pleaded that if Card Payment Services, LLC had confirmed the correct SE Number in or about August 2019, Trilokpati, LLC's alleged damages for unfunded American Express transactions could have been avoided entirely and if First Data Merchant Services, LLC had notified Trilokpati, LLC of the transactions rejected by American Express, Trilokpati, LLC's alleged damages for unfunded American Express transactions could have been avoided entirely or reduced significantly. *Id.* at ¶¶ 38-39. Even though it is questionable whether Shift4 will be able to show facts sufficient to meet a chain of distribution theory, because Shift4 pleaded facts that, if true, could plausibly sustain a claim for Common Law Indemnification, under the plaintiff-friendly standard, Count II survives the motion to dismiss.

**d. Shift4 Adequately Pleaded Facts to Support a Negligent Misrepresentation Claim**

Finally, Third-Party Defendant Card Payment Solutions, LLC argues that Shift4 fails to allege facts sufficient to plausibly show the existence of any duties owed to support a claim for negligent misrepresentation. In order to claim negligent misrepresentation, a plaintiff must show: (1) the defendant is in the business of supplying information for the guidance of others and that the information provider has a pecuniary interest in the transaction; (2) the information provided is false; (3) the plaintiff justifiably relied upon the information; and (4) the defendant failed to exercise reasonable care in obtaining or communicating the information. *Excavation Techs., Inc. v. Columbia Gas Co. of Pa.*, 936 A.2d 111, 115-16 (Pa. Super. Ct. 2007), *aff'd*, 985 A.2d 840 (2009). An information provider is liable, and a duty exists, "where it is foreseeable that the information will be used and relied upon by third persons, even if the third parties have no direct contractual relationship with the supplier of information." *Bilt-Rite*, 581 Pa. 454 at 482.

The only argument Card Payment Solutions, LLC makes towards this point is that "[h]ere, Shift4 alleges no such facts" to support the existence of a duty owed by Card Payment Solutions, LLC to Shift4. ECF No. 60-1 at 10. However, Shift4 alleges that Card Payment Solutions, LLC was the Independent Sales Office "ISO" working with Trilokpati, LLC, and as Trilokpati LLC's ISO, submitted an American Express VAR Sheet to Shift4 on behalf of Trilokpati, LLC. ECF No. 56 at ¶¶ 18-19. The purpose of the VAR Sheet was to provide Shift4 with necessary information for Trilokpati, LLC's account, including information required to transmit Trilokpati, LLC's transaction data for processing. *Id.* at ¶ 20. Shift4 further alleges that Card Payment Solutions, LLC negligently provided the inaccurate SE Number to Shift4, which it reasonably relied upon. *See id.* at ¶¶ 21, 24, 27. Finally, Shift4 alleges that Card Payment Solutions, LLC failed to confirm that the SE Number was the correct number. *Id.* at ¶ 25. Because Shift4 alleges facts which, taken

as true, plausibly plead a claim for negligent misrepresentation, Count III survives the motion to dismiss.

## V. CONCLUSION

For the foregoing reasons, Third-Party Defendants Card Payment Solutions, LLC and First Data Merchant Services, LLC's Motion to Dismiss (ECF No. 60) is **DENIED**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge